3061071-RBJ/MBG                      I.D. #42907

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

| | |
|---|---|
| RYAN LORD, | ) |
|       Plaintiff, | ) |
| v. | )    Case No. 1:22-cv-2689 |
| JONATHAN LEO SMITH, | ) |
|       Defendant. | ) |

### COUNTER-DEFENDANT'S REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS

**NOW COMES** the Plaintiff/Counter-Defendant, **RYAN LORD**, by and through his attorneys, AMUNDSEN DAVIS LLC, and for his Reply in Support of his Partial Motion to Dismiss the First Amended Counterclaims, together, they assert the following:

This Motion takes issue with the Counterclaim for advancing claims of Defamation, False, Light, and Intentional Infliction of Emotional Distress which are, in part, based on time-barred speech (i.e. speech published before May 20, 2021). Illinois law prohibits seeking damages for time-barred speech. *See* 735 ILCS 5/13-201; *and see Ludlow v. Northwestern University*, 79 F.Supp.3d 824, 841 (N.D. Ill. Feb. 5, 2015) (noting the one-year statute of limitations for defamation and false light). Counter-Defendant does not seek to dispose of any of these Counts in their entirety, however, dismissal of the portions of these three claims based upon time-barred speech is required at this stage as a matter of law.

While the referenced speech is time-barred relative to the Defamation, False Light, and IIED claims, that same speech <u>can</u> form the basis of Counter-Plaintiff's Tortious Interference claim which has a longer statute of limitations. Clarity is, however, needed here to not run afoul of 735 ILCS 5/13-201. Counter-Plaintiff can be instructed to file an Amended Counterclaim clarifying

which offending speech is cited as a basis for the Defamation, False Light, and IIED claim (taking care not to reference time-barred speech) and which speech is referenced for their Tortious Interference claim. Alternatively, this Court can grant this Motion and dismiss portions of Counter-Plaintiff's Defamation, False Light, and IIED claims only to extent to which they reference time-barred speech.

**WHEREFORE**, the Plaintiff/Counter-Defendant, **RYAN LORD**, respectfully requests the following:

1. That portions of Counter-Plaintiff's Defamation, False Light, and Intentional Infliction of Emotional Distress counterclaims relating to time-barred speech (i.e. any complained-of speech allegedly published before May 20, 2021) be dismissed *with* prejudice; and

2. That the Counter-Defendant be granted leave to file an Answer to the remaining portions of Counter-Plaintiff's Counterclaim within fourteen days after this Court rules on this Partial Motion to Dismiss.[1]

                                                 Respectfully submitted,

By:       /s/ Max B. Goodman
           Attorney for Plaintiff/Counter-Defendant,
           **RYAN LORD**

Ryan B. Jacobson, ARDC # 6269994
Max B. Goodman, ARDC # 6312919
Amundsen Davis LLC
150 North Michigan Avenue, Suite #3300
Chicago, Illinois 60601
(312) 894-3282 (Direct)
mgoodman@amundsendavislaw.com
rjacobson@amundsendavislaw.com

---

[1] *See Oil Express Nat. Inc., v. D'Alessandro*, 173 F.R.D. 219, 221 (N.D. Ill. Mar. 31, 1997) ("we agree and as such find that a partial motion to dismiss allows for altering the limits of Fed.R.Civ.P. 12(a) with respect to answering those claims not addressed in Defendants' Motion").

**CERTIFICATE OF SERVICE**

      I hereby certify that on the date indicated below, I filed this document with the Clerk of the Court using the CM/ECF electronic filing system, which will send notification of such filing to all attorneys of record on May 23, 2023 .

      By:      /s/ Max B. Goodman