THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RYAN LORD, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | No. 22 C 2689 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| | ) | |
| JONATHAN LEO SMITH, | ) | |
| | ) | |
| *Defendant.* | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Ryan Lord sued Defendant Jonathan Leo Smith for posting allegations of sexual misconduct about Lord on social media and encouraging his followers to harass Lord at his home address in Illinois. (Dkt. 1). The Court denied Smith's motion to dismiss for lack of personal jurisdiction and improper venue. (Dkt. 44). Smith moves for reconsideration of that decision. (Dkt. 47). For the following reasons, the motion is denied. [47]

### BACKGROUND

Both Lord and Smith are professional online gamers with millions of followers on streaming platforms and social media. (Dkt. 1 ¶¶ 7–19). They use the handles Ohmwrecker and H2O Delirious, respectively. (*Id.* ¶¶ 9, 14). Lord alleges that Smith began a defamatory online harassment campaign, accusing him of sexual misconduct with a minor and of releasing revenge porn against a different, adult partner. (*Id.* ¶¶ 26–34, 38–40, 46–52). He also claims that Smith promoted harassment and stalking of Lord among Smith's 4.4 million Twitter followers. (*Id.* ¶ 137). He says Smith encouraged his fans to threaten Lord with violence and "repeatedly assisted his fans getting access to [Lord's] home address." (*Id.* ¶ 138). Lord is an Illinois citizen, and Smith

1

is a citizen of North Carolina. (*Id.* ¶¶ 2–3). Lord brings claims against Smith for portraying him in a false light, defamation, tortious interference with prospective economic advantage, and intentional infliction of emotional distress. (*Id.* ¶¶ 71–153).

Smith moved to dismiss for lack of personal jurisdiction. (Dkt. 7). He submitted an affidavit affirming that he lives and conducts his business in North Carolina, has never set foot in Illinois, and has directed none of his videos, business, or online posts specifically to residents of Illinois. (Dkt. 9 ¶ 4). In response, Lord submitted an affidavit that Smith "directed his fans to my home address in Illinois and encouraged his fans to contact and harass me, even when his fans commented on these posts with threats of violence against me." (Dkt. 15-1 ¶ 21). Lord also averred that Smith contacted Lord's ex-girlfriend, an Illinois resident, about the defamatory allegations. (*Id.* ¶ 15). Smith replied with a supplemental affidavit denying that he contacted Lord's ex-girlfriend or communicated directly with anyone in Illinois about Lord.[1] (Dkt. 16-1 ¶¶ 2–3). Smith further denied encouraging his fans to harass Lord, and he likewise denied posting, emailing, or direct messaging Lord's home address to anyone or mentioning it in any public online forum. (*Id.* ¶ 4).

In Lord's sur-reply,[2] he reiterated his averments that Smith posted Lord's name (linked with the handle Ohmwrecker), Illinois home address, and photograph "across the internet while encouraging violence and harassment from his followers numbering upwards of 13.3 million on social media (known as the 'Delirious Army')." (Dkt. 35 at 6). The brief included screenshots embedded in a direct message that Smith—under an alternative Twitter handle—sent to a fellow

---

[1] Smith also filed objections to Lord's declarations. (Dkt. 17).
[2] After this action was reassigned from the Honorable Elaine Bucklo, this Court granted Lord leave to file a sur-reply. (Dkt. 28). Smith subsequently filed objections to Lord's sur-reply, a proposed order granting Smith's objections, and a proposed order granting his motion to dismiss. (Dkts. 41, 42, 43). The Court declined to take action on the objections.

2

gamer. (*Id.* at 6–8). The screenshot in the direct message derived from kiwifarms.net ("the Kiwifarms screenshot") and contained Lord's personal information. (Dkt. 41-1 at 15–16; Dkt. 50 at 6–9).

The Court concluded that it has personal jurisdiction over Smith and denied his motion to dismiss. (Dkt. 44). Smith now moves for reconsideration under Rule 59(e), proposing that the Court misapprehended the relevant facts on which the Court based its ruling. (Dkt. 47).

## LEGAL STANDARD

Relief under Rule 59(e) is generally considered extraordinary. *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 528 (7th Cir. 2022). "To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citing *LB Credit Corp. v. Resol. Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)); *see also Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact."). A court may properly reconsider its prior ruling where it "has patently misunderstood a party, . . . or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

When deciding a Rule 12(b)(2) motion to dismiss, the court assumes the plaintiff's asserted facts are true and resolves factual disputes in his favor. *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020). The plaintiff bears the burden of demonstrating personal jurisdiction once the defendant moves for dismissal under Rule 12(b)(2). *Id.* (citing *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)). When the court rules on such a motion

3

without an evidentiary hearing, the plaintiff need only make out a prima facie case for personal jurisdiction. *Id.* at 392–93 (citing *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423 (7th Cir. 2010)). The court may weigh affidavits submitted on the issue of personal jurisdiction, but "in evaluating whether the prima facie standard has been satisfied, the plaintiff is entitled to resolution in its favor of all disputes concerning relevant facts presented in the record." *Id.* at 393 (cleaned up); *see also Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012) ("[The Court] therefore accept[s] as true all well-pleaded facts alleged in the complaint and resolve[s] any factual disputes in the affidavits in favor of the plaintiff.").

### DISCUSSION

This Court found personal jurisdiction over Smith because Lord alleged in his complaint and averred in his affidavit that "Smith also outed Ryan Lord as Ohmwrecker to millions of Smith's followers, and he then published Lord's home address [in Illinois] and directed those who saw his posts to threaten Lord. (Dkt. 1 ¶ 138; dkt. 15-1 ¶ 21; dkt. 35 at 6–8)." (Dkt. 44 at 8). Smith argues that the Court based its ruling on Lord's "misleading and false allegations," which were insufficient to show personal jurisdiction. (Dkt. 47 at 1–2). Smith characterizes the Court's ruling as a misapprehension of the facts. (*Id.*) He attributes this misapprehension to the Kiwifarms screenshot from Smith's direct message that Lord included in his sur-reply, to which Smith had no opportunity to respond or challenge. (*Id.* at 2–3). But as required at this stage, the Court resolved factual disputes in Lord's favor when they conflicted with Smith's affidavits and declarations. *See Curry*, 949 F.3d at 393. Lord's asserted facts must be assumed true for now, so there is no manifest error of law or fact here to warrant reconsideration. *See Oto*, 224 F.3d at 606.

Smith focuses on the Kiwifarms screenshot embedded in Lord's sur-reply as insufficient to establish personal jurisdiction, both because it purportedly mischaracterizes the nature of

4

Smith's communications and because it is inadmissible as evidence.[3] Smith maintains that other than the deficient screenshot, Lord failed to submit any evidence to support his "insufficient conclusory allegations" in the Complaint and affidavit. (Dkt. 47 at 6). He cites *In re Testosterone Replacement Therapy Products Liability Litigation Coordinated Pretrial Proceedings* to emphasize that "plaintiffs cannot rely on 'conclusory allegations unsupported by factual assertions'" to survive a Rule 12(b)(2) motion to dismiss. 136 F. Supp. 3d 968, 973 (N.D. Ill. 2015). But Lord made specific factual assertions—not legal conclusions—in his Complaint and affidavit. (*See* Dkt. 1 ¶ 138 (Smith "encouraged his fans threats of violence [sic] against Plaintiff and even repeatedly assisted his fans getting access to Plaintiff's home address."); Dkt. 15-1 ¶ 21 (Smith "directed his fans to my home address in Illinois and encouraged his fans to contact and harass me, even when his fans commented on these posts with threats of violence against me.")). Even without considering the sur-reply and Kiwifarms screenshot, then, the Court had sufficient factual basis from the Complaint and Lord's affidavit—which must be assumed true—to find that Smith directed his suit-related conduct at Illinois. *See Curry*, 949 F.3d at 392–93; *Purdue Rsch.*, 338 F.3d at 782; *see also Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp. Reins. Co.*, 440 F.3d 870, 877–78 (7th Cir. 2006) (the court "read[s] the complaint liberally, in its entirety, and with every inference drawn in favor" of the plaintiff).

Smith further rejects the Court's finding that Smith purposely directed his conduct at Illinois because: (1) Lord's real identity already existed online so Smith could not have "outed" him to his followers; (2) Smith did not originally create or contribute to the content on Kiwifarms

---

[3] Shortly before the Court ruled on his motion to dismiss, Smith filed numerous evidentiary objections to specific excerpts of Lord's sur-reply and its attached exhibits, including the screenshot. (Dkt. 41). But neither party moved for an evidentiary hearing, so at this stage, the Court accepts as true Lord's factual assertions in his Complaint and his affidavit in support of personal jurisdiction. *See Curry*, 949 F.3d at 392–93. The Court considers the admissibility of relevant evidence at summary judgment and trial. *See generally* Fed. R. Civ. P. 56(c); Fed. R. Evid. 103.

that disclosed Lord's address; and (3) Lord was already in disputes with other gamers who referenced the Kiwifarms content in social media posts, so threats or other backlash he received cannot be attributed to Smith. (Dkt. 47 at 7–14). These arguments all miss the point. The purposeful-direction prong of the personal-jurisdiction analysis "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014). Only Smith's conduct matters in this context. It does not matter that others in Lord's and Smith's online community could have found out Lord's/Ohmwrecker's identity and address on their own or through others' social media posts. By directing fans and followers to Lord's Illinois address in connection with the alleged defamation campaign against Ohmwrecker, Smith intended his conduct to have effects in Illinois. He thus created sufficient minimum contacts with the forum state for this Court to exercise personal jurisdiction over him. The Court's ruling showed no manifest error of law or fact at this stage in the proceedings.[4]

## CONCLUSION

For these reasons, the Court denies Smith's motion for reconsideration. [47]

Virginia M. Kendall
United States District Judge

Date: June 2, 2023

---

[4] The Court's ruling at the motion-to-dismiss stage, however, necessarily occurs without the benefit of a full record. Smith is not precluded from challenging Lord's evidence supporting the Court's exercise of personal jurisdiction at a later stage.